IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RODRICK HARTZOG**                                                              **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:15-CV-68-KS-JCG**

**SUNBELT MANAGEMENT CO.,** *et al.*                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendants' Motion for Summary Judgment [54].

## I. BACKGROUND

This is a premises liability case arising from a shooting at an apartment complex on February 21, 2014. Plaintiff was a social guest of Tina Jefferson, a tenant of the Briarwood Apartments in Prentiss, Mississippi. Jamal Perkins, Jefferson's ex-boyfriend, came over. He and Jefferson got into a fight, and then he left the apartment. A short time later, Plaintiff and Jefferson left the apartment, and Perkins confronted them just outside. Words were exchanged, and Perkins shot Plaintiff in the throat.

Plaintiff filed this lawsuit against Sunbelt Management Co. and Woodbriar Associates, Ltd. Woodbriar owns the property, and Sunbelt manages the apartments. Plaintiff asserted negligence claims, under a theory of premises liability. Defendants filed a Motion for Summary Judgment [54], which the Court now considers.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

In a premises liability case, the plaintiff must prove the four elements of common-law negligence: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Rogers v. Sunbelt Mgmt. Co.*, 52 F. Supp. 3d 816, 822 (S.D. Miss. 2014). The duty owed to the plaintiff depends on his or her status as an invitee, licensee, or trespasser. *Doe v. Miss. State Fed'n of Colored Women's Club Housing for the Elderly in Clinton, Inc.*, 941 So. 2d 820, 826 (Miss. Ct. App. 2006). Therefore, "[p]remises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured

person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood v. RIH Acquisitions MS II LLC*, 556 F.3d 274, 275 (5th Cir. 2009); *see also Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004).

### A.   *Plaintiff's Legal Status*

First, the Court must determine whether Plaintiff was an invitee or licensee. Plaintiff argues that he was an invitee, while Defendants argues that plaintiff was a licensee. "A person is classified as a licensee if he or she enters the property for his or her own convenience, pleasure or benefit pursuant to the license or implied permission of the owner . . . ." *Olier v. Bailey*, 164 So. 3d 982, 986 (Miss. 2015). An invitee is "a visitor who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Id.*

Plaintiff was a social guest of Defendants' tenant. Defendants argue that Plaintiff was a licensee because he entered the apartment complex for his own convenience, pleasure, and benefit, and provided no benefit or advantage to Defendants, the property owners. In response, Plaintiff argues that he was an invitee because he entered the property upon the express invitation of an occupant, for the occupant's benefit. Therefore, Defendants contend that the legal status of a tenant's social guest is determined by reference to the benefit conferred on the landlord, while Plaintiff contends that the legal status of a tenant's social guest is determined by reference to the benefit conferred on either the landlord or the tenant. According to the most on-point precedents, Mississippi law appears to be somewhere between these two positions.

In *Handy v. Nejam*, 111 So. 3d 610, 612 (Miss. 2013), the Mississippi Supreme Court addressed a premises liability suit brought by the heirs of a boy who drowned in an apartment complex's swimming pool. The Court held that the boy – a social guest of a tenant – was an invitee when he first entered the tenant's apartment, but that he became a trespasser once he entered the pool area. *Id.* at 613. The tenant's lease provided that the swimming pool could only be used in compliance with rules posted throughout the complex, and a sign posted at the entrance of the pool area prohibited guests from entering if they were not accompanied by a tenant. *Id.* Therefore, the decedent exceeded the scope of his invitation when he entered the pool, and he became a trespasser. *Id.* at 614.

In *Handy*, the Court relied heavily on *Leffler v. Sharp*, 891 So. 2d 152 (Miss. 2004). There, a hotel patron fell from the roof of the building in which the hotel was located, and he sued the building's owner. *Id.* at 155-56. The hotel had leased the second floor of the building, which was immediately adjacent to a rooftop terrace. *Id.* The lease specifically provided that the "lessees will not have access to the roof terrace . . . ." *Id.* Additionally, the locked door leading to the terrace from the hotel had "NOT AN EXIT" stenciled on it, and the patron/plaintiff entered the roof by way of a very small window near the locked door. *Id.* The Mississippi Supreme Court held that the plaintiff was an invitee upon his arrival at the hotel insofar as the hotel/tenant made a profit by his presence at the hotel's lounge. *Id.* at 157. However, "once he exited the establishment and entered onto the roof terrace, he went beyond the bounds of his invitation, therefore losing his invitee status." *Id.*

These cases indicate that there is "no . . . blanket rule" with regard to the status of a tenant's social guests. *Handy*, 111 So. 3d at 613. "[T]he question of status turns on the scope of the invitation, if any, to the tenant's guests," and the extent to which the property owner has restricted access to the property, whether by provisions in the lease or posted regulations. *Id.* 613-14. Therefore, "it would appear that an invited guest on the premises of rental property would be afforded the same protections extended to the tenant," *Thomas v. The Columbia Group, LLC*, 969 So. 2d 849, 853 (Miss. 2007),[1] unless the landlord has "limited the attractiveness of the property and therefore the benefit to himself by placing restrictions on the use of the" property. *Handy*, 111 So. 3d at 614.[2]

It is undisputed that Tina Jefferson, as Defendants' tenant, was an invitee. *See Laird v. Sunbelt Mgmt. Co.*, No. 2:15-CV-67-DPJ-FKB, 2016 U.S. Dist. LEXIS 71361,

---

[1]*See also Lucas v. Miss. Housing Auth. #8*, 441 So. 2d 101, 103 (Miss. 1983) (because swimming pool was maintained for benefit of tenants in apartment complex, it reasonably follows that it was also maintained for benefit of their guests); *Turnipseed v. McGee*, 109 So. 2d 551, 554 (Miss. 1959) (landlord liable in tort if failure to exercise reasonable care results in injury to "a tenant or a person there in the right of the tenant").

[2]The Mississippi Supreme Court has also held that an invitee is a "visitor who goes upon the premises of another in answer to the express or implied invitation of the owner *or occupant* for their mutual advantage." *Olier*, 164 So. 3d at 986 (emphasis added). The record contains evidence [59-1] that Plaintiff entered the apartment to "console [Tina Jefferson] and talk to her because she was upset about her recent breakup with her boyfriend, Jamal Perkins." The Court also notes Defendants arguably receive a benefit from permitting their tenants to entertain social guests, as it makes the apartments more attractive to potential renters. *See, e.g. Handy*, 111 So. 3d at 613 (limiting access to pool limits the attractiveness of the property); *Lucas*, 441 So. 2d at 103 (allowing guests of tenants to use pool increased attractiveness of property to renters).

at *5 (S.D. Miss. June 1, 2016); *Jones v. Westwick Apts., LLC*, No. 3:11-CV-125-CWR-FKB, 2011 U.S. Dist. LEXIS 155695, at *7 (S.D. Miss. June 7, 2011). Therefore, unless Defendants placed relevant restrictions on her right to entertain guests, Plaintiff was likewise an invitee. *Compare Thomas*, 969 So. 2d at 853, *with Handy*, 111 So. 3d at 613-14. Defendants have not directed the Court to evidence of such restrictions. Accordingly, for purposes of addressing the current motion, the Court will apply the standard of care applicable to invitees.

### B.   *Defendants' Compliance with the Relevant Duty of Care*

A landowner owes an invitee "a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning the invitee of dangerous conditions not readily apparent which the owner knows or should know of in the exercise of reasonable care." *Mayfield v. The Hairbender*, 903 So. 2d 733, 735-36 (Miss. 2005); *see also Smith v. Petsmart, Inc.*, 278 F. App'x 377, 379 (5th Cir. 2008). This duty has been held to require protection against third-party criminal attacks under certain circumstances. *See Lyle v. Mladinich*, 584 So. 2d 397, 399 (Miss. 1991). Although a business proprietor is "not an insurer of the invitee's safety, [it] has a duty to exercise reasonable care to protect the invitee from reasonably foreseeable injury at the hands of other patrons." *Id.* A criminal act may be considered reasonably foreseeable if the proprietor "had cause to anticipate the third party act." *Doe*, 941 So. 2d at 827. "Cause to anticipate" an assault may be established by "(1) actual or constructive knowledge of the third party's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence existed on the premises." *Id.* Evidence

supporting "the existence of an atmosphere of violence may include the overall pattern of criminal activity prior to the event in question that occurred in the general vicinity of the defendant's business premises, as well as the frequency of criminal conduct activity on the premises." *Gatewood v. Sampson*, 812 So. 2d 212, 220 (Miss. 2002).

Plaintiff presented sufficient evidence to create a genuine dispute of material fact as to whether Defendants had cause to anticipate the instant shooting. Carlotta Williams, an employee of Sunbelt, provided the following testimony [59-2]:

- Williams testified that she was aware of at least one shooting death at the Briarwood Apartments prior to the instant shooting.

- She testified that she had seen people using alcohol on the premises of Briarwood Apartments in 2013 and 2014.

- Williams testified that she had called law enforcement to the premises of the Briarwood Apartments in the past.

- Williams testified that her office had been broken into several times in 2013, and that the apartment complex's laundromat has been vandalized several times in 2013.

- She testified that she witnessed an individual selling drugs across the street from the Briarwood Apartments at the Palmetto Apartments, another complex owned and operated by Defendants.

- She testified that individuals had fired guns into an occupied dwelling across the street at the Palmetto Apartments.

In the Court's opinion, this testimony is sufficient to create a question of fact as to whether Defendants had actual or constructive knowledge of an atmosphere of violence in the vicinity of the subject property.[3] As the parties have not directed the Court to

---

[3]The Court also notes its opinion in *Rogers v. Sunbelt Mgmt. Co.*, 52 F. Supp. 3d 816 (S.D. Miss. 2014), where it found that there existed a genuine dispute of

7

any evidence regarding Defendants' measures to protect tenants and their guests from such third-party criminal attacks, an entry of summary judgment would be inappropriate.

### IV. CONCLUSION

For the reasons above, the Court **denies** Defendants' Motion for Summary Judgment.

SO ORDERED AND ADJUDGED, on this, the 16th day of August, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

material fact as to whether an atmosphere of violence existed at the Briarwood Apartments prior to the shooting death of Jacqueline Berry in December 2012.